STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-401

WELDON VITTO, SR.

VERSUS

DONALD RAY DAVIS, ET AL.

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2007-3997
HONORABLE JOHN D. TRAHAN, DISTRICT JUDGE

************

MICHAEL G. SULLIVAN
JUDGE

************

Court composed of Oswald A. Decuir, Michael G. Sullivan, and Billy Howard Ezell, Judges.

AFFIRMED.

Kenneth W. DeJean
Attorney at Law
Post Office Box 4325
Lafayette, Louisiana 70502
(337) 235-5294
Counsel for Plaintiff/Appellant:
        Weldon Vitto, Sr.

Richard J. Petre, Jr.
Onebane Law Firm
Post Office Drawer 3507
Lafayette, Louisiana 70502-3507
(337) 237-2660
Counsel for Defendants/Appellees:
        Deep South Surplus, Inc.
        Clarendon America Insurance Company
        Donald Ray Davis
        Affordable Rent-To-Own, L.L.C.
        Affordable Rent-To-Own of Lafayette, L.L.C.
        Affordable Rent-To-Own of New Iberia, L.L.C.
        Deep South Surplus of Louisiana, L.L.P.

**SULLIVAN, Judge.**

Weldon Vitto, Sr. appeals the trial court's grant of an exception of res judicata and dismissal of his suit. For the following reasons, we affirm.

*Facts*

Mr. Vitto was involved in an automobile accident on August 30, 2004. He engaged the services of attorney Mel Credeur to represent him on his claims arising from the accident. Without his knowledge or consent, Mr. Credeur negotiated a settlement of Mr. Vitto's claims against all responsible parties for the sum of $55,000. Pursuant to the terms of the settlement agreement, a check in the amount of $55,000 and settlement documents were forwarded to Mr. Credeur for completion by him and Mr. Vitto. Mr. Credeur forged Mr. Vitto's signature on the check and the settlement documents and deposited the check into his bank account.

Mr. Credeur repeatedly assured Mr. Vitto that he had filed suit against the driver who caused the accident, the driver's employer, and the insurer of the vehicle involved in the accident, but he had not. Mr. Vitto learned in December 2006 that Mr. Credeur had fraudulently settled his claims against these parties. Thereafter, he filed suit against the driver, his employer, the insurer of the vehicle, the servicing company which handled the settlement for the insurance company (these four defendants are collectively referred to hereinafter as "the Accident Defendants"), and Mr. Credeur.

In response to Mr. Vitto's claims, the Accident Defendants filed peremptory exceptions of prescription, res judicata, and no cause of action. The exceptions were submitted to the trial court for decision without oral argument. The trial court granted the exception of res judicata. Mr. Vitto appeals.

1

## *Discussion*

### *Res Judicata*

Mr. Vitto argues that the trial court erred in granting the exception of res judicata as provided in La.R.S. 13:4231[1] because "a valid and final judgment had not been rendered as required by law for the exception of res judicata to apply." However, a valid compromise can be the basis for a peremptory exception of res judicata. *Brown v. Drillers, Inc.*, 93-1019 (La. 1/14/94), 630 So.2d 741.

Mr. Vitto further argues that the settlement cannot constitute a transaction or compromise because he had no knowledge of the settlement and did not consent to it. At the time Mr. Credeur settled Mr. Vitto's suit, La.Civ.Code art. 3071[2] provided in part: "[a] *transaction* or *compromise* is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent, in the manner which they agree on, and which every one of them prefers to the hope of gaining, balanced by the danger of losing." The grounds for rescinding a compromise were set forth in La.Civ.Code art. 3079, which provided that "[a] transaction may be rescinded notwithstanding, whenever there exists an error in

---

[1]Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

[2]Book III, Title XVII of the Louisiana Civil Code of 1870, "Of Transaction or Compromise," consisting of Articles 3071 through 3083, was revised, amended and reenacted by Acts 2007, No. 138, effective August 15, 2007.

2

the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence."

Mr. Vitto did not consent to the settlement, but there is no evidence that the Accident Defendants had knowledge that Mr. Credeur was committing fraud. The supreme court addressed this issue in *Aleman Planting & Mfg. Co. v. Hines*, 157 La. 625, 632, 102 So. 815, 817 (1925), holding "[t]he fraud of an agent cannot alter the legal effect of his knowledge with respect to his principal in regard to third persons who had no connection whatever with such agent in relation to the perpetration of the fraud, and no knowledge that any such fraud had been perpetrated."

This court considered a similar situation in *Talbot v. Douglas Moving & Warehouse Co.*, 228 So.2d 222 (La.App. 3 Cir. 1969), *writ denied*, 255 La. 247, 230 So.2d 94 (1970). In *Talbot*, the plaintiff sought to enforce a settlement agreement which was intended to settle all issues concerning the sale of its business to the defendant. The defendant resisted enforcement of the settlement agreement on the basis that it did not know of outstanding claims against the plaintiff when it agreed to the settlement. At trial, it was established that the defendant's agent had knowledge of the outstanding claims but had not provided the information to his principal. The court held that the defendant's complaint was not justification to set aside the settlement, explaining "[a]ssuming that an agent is acting fraudulently and adversely to his principal, such fraud will not alter the legal effect of his knowledge on the principal with regard to a third person *unless the third person was connected with or had knowledge of the fraud.*" *Id*. at 224 (emphasis added).

Without evidence that the Accident Defendants had knowledge of Mr. Credeur's fraud or that it had reason to suspect that Mr. Credeur was not acting

3

with Mr. Vitto's knowledge and consent when he settled his claims, the settlement cannot be set aside, even though Mr. Vitto did not consent to it.

### *Disposition*

The judgment of the trial court is affirmed. All costs are assessed to Weldon Vitto, Sr.

**AFFIRMED.**